UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NIGEL ANTHONY HIBBERT,

Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY,[1]

Respondent.

Case No. 1:26-cv-6714-DC-JDP

ORDER; FINDINGS AND RECOMMENDATIONS

Petitioner Nigel Anthony Hibbert entered the United States in September 2015 and requested asylum. He was released on bond in May 2016 and then re-detained by ICE on May 13, 2026, following an arrest by local authorities. The court previously granted petitioner a writ of habeas corpus and ordered a bond hearing at which the government would bear the burden to prove flight risk or danger by clear and convincing evidence. The immigration court held that hearing and denied bond on the basis of danger. This is petitioner's second petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, I recommend that the petition be denied.

[1] Petitioner has filed a notice of change of address indicating that ICE has transferred him to a different facility in this District. ECF No. 13. The warden of the current facility is automatically substituted for the prior warden. *See* Fed. R. Civ. P. 25(d). I will direct the Clerk of Court to update the docket.

**Background**

On September 27, 2015, petitioner presented himself at the San Ysidro, California port of entry and requested asylum. *See Hibbert v. Warden, Central Valley Annex Detention Facility*, No. 1:26-cv-4441-DC-JDP, ECF No. 10-1 at 2 ("*Hibbert I*"). Border Patrol processed petitioner for expedited removal. *Id.* at 2, 14. Petitioner stated a credible fear of persecution or torture and was referred to immigration court for removal proceedings on October 27, 2015. *Id.* at 11. On May 5, 2016, petitioner was granted bond by the immigration court and released from custody. *Id.* at 9. Petitioner applied for employment authorization in February 2025. *Id.* at 7.

On April 25, 2026, petitioner was arrested by local authorities for aggravated assault with a firearm. *Id.* at 2; *Hibbert I*, ECF No. 10-2 at 1. ICE placed a detainer with the local jail. *Hibbert I*, ECF No. 10-2 at 10. Petitioner was charged with improper exhibition of a dangerous weapon and resisting an officer without violence. *Id.* at 18. ICE re-detained petitioner on April 27, 2026, after local authorities released him. *Hibbert I*, ECF No. 10-1 at 1. Petitioner has been held in ICE custody since that date. *Hibbert I*, ECF No. 7 at 5.

Petitioner, proceeding pro se, filed a petition for a writ of habeas corpus on June 9, 2026. *Hibbert I*, ECF No. 1. Petitioner filed an amended petition on June 16, 2026. *Hibbert I*, ECF No. 7. Respondents filed an answer on June 20, 2026. *Hibbert I*, ECF No. 10. On July 2, 2026, the court issued findings and recommendations that the petition be granted and that a bond hearing be ordered at which the government would bear the burden to prove that petitioner is a flight risk or a danger. *Hibbert I*, ECF No. 13. The court adopted the findings and recommendations on July 16, 2026, and ordered the immigration court to hold such a bond hearing. *Hibbert I*, ECF No. 14.

On July 23, 2026, the immigration court held the bond hearing ordered by this court. ECF No. 8-1. The immigration court stated:

> The Court has considered that [petitioner] has a long history of residence in this country, he suffers from mental health issues, he has family ties, that he has worked and paid taxes. However, on the whole, the Court concludes that the Department has established by clear and convincing evidence that [petitioner] is such a danger that no bond or release conditions (considering both monetary and/or nonmonetary conditions) could sufficiently mitigate that

> risk, and the Court denies bond on this basis. The Court need not reach the issue of flight.

*Id.* at 3. There is no indication that petitioner appealed this order to the Board of Immigration Appeals ("BIA").

On August 24, 2026, petitioner filed the instant petition for writ of habeas corpus in pro se.[2] ECF No. 1. On August 30, 2026, respondent filed an answer with a copy of the bond order from the immigration court. ECF No. 8.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner claims that his detention and prolonged time in custody violate the law.[3] ECF No. 1. Respondent counters that petitioner's due process claims were considered and resolved in *Hibbert I*, in petitioner's favor. ECF No. 8. The court agrees that the due process claims set forth

---

[2] Petitioner has filed two motions for appointment of counsel. ECF Nos. 11 & 14. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254 Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motions to appoint counsel are therefore denied.

[3] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

in grounds one and two, *see* ECF No. 1 at 6, have been previously addressed in *Hibbert I* and are successive. *See McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991). Further, both of these claims allege that petitioner has not received a bond hearing, which is factually incorrect. *See* ECF No. 8-1. Finally, to the extent that the court construes the petition to challenge the bond hearing procedure and result, the evidence shows that the hearing complied with the court's prior order in *Hibbert I.* At the hearing, the government bore the burden to show by clear and convincing evidence that petitioner is a danger to the community or a flight risk. *See* ECF No. 8-1; *see also Martinez v. Clark* 124 F.4th 775, 780 (9th Cir. 2024). It does not appear that petitioner has appealed the bond order to the BIA. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (holding that the petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision").

The only remaining claim, based on *Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954), *see* ECF No. 1 at 6, fails as the regulations cited by petitioner only apply after the issuance of a final order of removal. *See* 8 C.F.R. §§ 241.13, 241.4. There is no removal order yet against petitioner, who is still being detained under 8 U.S.C. § 1226(a). For these reasons, I recommend that the petition be denied.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. The Clerk of Court is directed to substitute the respondent as "Warden, Mesa Verde Detention Facility."

2. Petitioner's motions for appointment of counsel, ECF Nos. 11 and 14, are DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 5, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE